TotteN, J.,
delivered tbe opinion of tbe court.
Tbe said turnpike company surveyed and located its road over a portion of said Atkinson’s land, and tbe parties being unable to agree upon tbe sum to be paid for the right of way, tbe said Atkinson instituted tbis proceeding to have tbe same assessed by a jury, under tbe provisions of tbe act “ to authorize tbe formation of Turnpike Companies,” 1850, ch. 72. Tbe act provides (§ 5) tbat under an order of tbe circuit court, tbe sheriff shall summon five disinterested freeholders, “ who shall assess tbe damages of tbe owner of tbe land, taking into consideration tbe advantages of tbe road to such person.” Upon tbe return of tbeir ver- *428 diet, the said court shall render verdict thereon, “ unless the same is set aside by the court for good’ cause shown,” and in that event the court shall order a new jury, as before. The verdict of the jury was for $420, to which defendant excepted, but the exception was disallowed, and judgment rendered for that amount, from which defendant appealed. The- defendant, in the circuit court, excepted to the verdict upon two grounds: 1. That his witnesses were not allowed to testify before the jury. 2. That the damages are excessive. The idea of a jury trial in Oov/rt, is expressly excluded by this act. The jury are to determine the sum as damages to be paid, upon view of the premises. They are to view the facts and determine the case, upon the evidence of their own senses, and not upon the evidence of witnesses. In this respect, therefore, there was no error. As to the damages, it seems to us, in view of the facts as they appear in the record, that they are excessive and unjust.
But, is that a cause for setting aside the verdict in a case like this? The act provides that the court may set aside the verdict “ for good ' cause shown.”
"We think it good cause to set aside the verdict: 1. If the proceedings be irregular. 2. If the verdict be founded upon an erroneous principle, to the prejudice of either party. 3. If the damages be excessive.
The verdict of the jury is required to be returned to the court, and it must there be subject to revision for error in matter of law, or matter of fact. There is no other check upon the rashness and injustice of a verdict, and no other mode prescribed for its correction. As to the qua/rvbvm of damages, certainly great *429 weight will be attached to the opinion of the jury, founded upon a view of the premises, and a strong presumption will exist in its favor. This, however, may be repelled by proof before the court, and we think it is repelled, in the present case, and the damages shown to be unreasonable and excessive. The facts stated by a number of witnesses, go strongly to this conclusion, and leave little room to doubt the truth of the fact.
We are satisfied, also, from the evidence adduced by the petitioner in support of the verdict, that the jury have proceeded upon an erroneous principle, in estimating the damages to which the petitioner is entitled. We have stated the rule on this subject, in a case decided at this term, and we now only refer to the case.* We do not deem it material to go into a discussion upon the merits, as the case will be remanded for a new proceeding.
It is proper to observe, however, that the practice of regarding ex parte affidavits as proof on the trial, adopted to some extent in this case, was irregular and unauthorized. We are not aware that such cases require or permit any new rule of evidence. The parties should have an opportunity to apply to the proof the test of a cross examination. The evidence should be governed by the same rule, as in other cases.
The judgment will be reversed and the cause remanded.
Judgment reversed.

Vide ante, p. 237.